1  NICHOLAS A. TRUTANICH
   United States Attorney
2  Nevada Bar Number 13644
   CHRISTOPHER BURTON
3  Nevada Bar Number 12940
   Assistant United States Attorney
4  501 Las Vegas Boulevard South, Suite 1100
   Las Vegas, Nevada 89101
5  Tel: 702.388.6551 / Fax: 702.388.6418
   Christopher.Burton4@usdoj.gov
6  *Attorneys for the United States*

FILED
2019 AUG -7 AM 10: 35
U.S. MAGISTRATE JUDGE
BY_____

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MAX SMIETANA,<br><br>Defendant. | Case No. 2:19-mj-584-NJK<br><br>**COMPLAINT** for violation of:<br><br>Operating a Motor Vehicle while Under the Influence of Alcohol (36 C.F.R. § 4.23(a)(1));<br><br>Operating a Motor Vehicle with a BAC of 0.08 Grams and Higher (36 C.F.R. § 4.23(a)(2));<br><br>Driving with a Revoked Driver's License (36 C.F.R. § 4.2(b); N.R.S. 483.560(1));<br><br>Speeding (36 C.F.R. § 4.21(c));<br><br>Open Container of Alcohol in Vehicle (36 C.F.R. § 4.14(b)); |

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned complainant, being first duly sworn, states that:

### COUNT ONE
*Operating a Motor Vehicle while Under the Influence of Alcohol*
**(36 C.F.R. § 4.23(a)(1))**

On or about August 6, 2019, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area, **MAX SMIETANA,**

1  defendant herein, operated a red 2013 Chevrolet passenger car bearing Nevada registration
2  689E47, under the influence of alcohol to a degree that rendered the defendant incapable of
3  safe operation, to wit: **SMIETANA** operated said vehicle and failed to dim the vehicle's high
4  beam headlights as he passed a marked patrol vehicle traveling in the opposite direction; the
5  vehicle was drifting within the lane of travel and was traveling visibly faster than the
6  posted speed limit; Rangers confirmed the vehicle was traveling 70 mph in the posted
7  50-mph zone with the calibrated Golden Eagle II Radar unit; **SMIETANA** stated that
8  he had not consumed any alcoholic beverages however two open 12-ounce containers of
9  Pabst Blue Ribbon beer were observed in the vehicle and **SMIETANA** had a strong odor of
10 an alcoholic beverage on his breath; **SMIETANA** stated that he was lost and was trying to
11 get to North Las Vegas and when asked for his driver's license he appeared to fumbe with
12 different items in his possession; **SMIETANA** performed poorly on Standard Field Sobriety
13 Tests; **SMIETANA** provided "Intoxilyzer 8000" test results of 0.098 grams and 0.089 grams
14 of alcohol per 210 liters of breath, respectively; all in violation of Title 36, Code of Federal
15 Regulations, Section 4.23(a)(1).

**COUNT TWO**
*Operating a Motor Vehicle with a BAC of 0.08 Grams and Higher*
**(36 C.F.R. § 4.23(a)(2))**

18  On or about August 6, 2019, in the State and Federal District of Nevada, within the
19  boundaries of the Lake Mead National Recreation Area, **MAX SMIETANA**, defendant
20  herein, operated red 2013 Chevrolet passenger car bearing Nevada registration 689E47, with
21  an alcohol concentration in the defendant's breath of 0.08 grams and more of alcohol per
22  210 liters of breath, to wit: "Intoxilyzer 8000" test results of 0.098 grams and 0.089 grams of

alcohol per 210 liters of breath, respectively; all in violation of Title 36, Code of Federal Regulations, Section 4.23(a)(2).

## COUNT THREE
### *Driving with a Revoked Driver's License*
**(36 C.F.R. § 4.2(b); N.R.S. 483.560(1))**

That on or about August 6, 2019, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area, **MAX SMIETANA**, defendant herein, operated a red 2013 Chevrolet passenger car bearing Nevada registration 689E47 on a highway or on premises to which the public has access at a time when his driver's license was in a revoked status; all in violation of Title 36, Code of Federal Regulations, Section 4.2(b), and Nevada Revised Statute 483.560(1).

## COUNT FOUR
### *Speeding*
**(36 C.F.R. § 4.21(c))**

That on or about August 6, 2019, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area, **MAX SMIETANA**, defendant herein, operated a red 2013 Chevrolet passenger car bearing Nevada registration 689E47 at a speed in excess of the speed limit, which is prohibited, to wit: **SMIETANA** was observed operating said motor vehicle and was traveling along Lakeshore Drive at what appeared to be a high rate of speed; the calibrated radar unit in the Ranger's patrol vehicle showed that said vehicle was traveling at 70 miles per hour in a posted 50-mph zone; all in violation of Title 36, Code of Federal Regulations, Section 4.21(c).

## COUNT FIVE
### *Open Container of Alcohol in a Motor Vehicle*
### (36 C.F.R. § 4.14(b))

On or about August 6, 2019, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area, **MAX SMIETANA**, defendant herein, operated a red 2013 Chevrolet passenger car bearing Nevada registration 689E47 and did carry and store a bottle, can, and other receptacle containing an alcoholic beverage that is open, and has been opened, and whose seal is broken and the contents of which have been partially removed, within a motor vehicle in a park area, which is prohibited, to wit: **SMIETANA** operated said vehicle and was found to be in possession of a two open 12-ounce cans of Pabst Blue Ribbon beer; one can was located in the cup holder behind the center console and the other was being held by the vehicle passenger, both open and approximately ¾ full; all in violation of Title 36, Code of Federal Regulations, Section 4.14(b).

Complainant, as and for probable cause, states the following:

1. Complainant is a Park Ranger with the National Park Service, Lake Mead National Recreation Area, Clark County, Nevada, and has been employed as a law enforcement officer for over 20 years.

2. The following information is the result of either complainant's own personal investigation or has been provided by other law enforcement officers:

   (a) On August 6, 2019, National Park Service Rangers Hunter West and Jonathan Cummings were riding together on routine patrol within the boundaries of the Lake Mead National Recreation Area, Clark County, Nevada.

   (b) Ranger West observed an oncoming vehicle traveling northbound on Lakeshore Drive that failed to dim the high beam headlights as they passed. Ranger West turned northbound and began to follow this vehicle. Ranger West observed that the vehicle

was drifting within the lane of travel and was traveling visibly faster than the posted speed limit. Rangers West and Cummings confirmed the vehicle was traveling 70 mph in the posted 50-mph zone with the calibrated Golden Eagle II Radar unit. Ranger West activated his overhead lights and siren and stopped the vehicle at the Longview Overlook.

   (c) Ranger West made contact with the vehicle operator who stated he could not find his driver's license and identified himself verbally as **MAX SMIETANA**. This information was confirmed through a standard computer records check which also showed that **SMIETANA**'s Nevada driver's license was in a suspended status. This appears to be due to a previous charge of driving under the influence. During this initial contact Ranger Cummings, who was standing along the passenger side of the vehicle observed two open 12-ounce containers of Pabst Blue Ribbon beer in the vehicle. One was located in a cup holder behind the center console and the other was being held by a female identified as A.M. who was seated in the front passenger seat. Additionally seated in the back seat of the vehicle were A.M.'s two children ages three and four who were properly secured in child safety seats.

   (d) During this face-to-face contact with **MAX SMIETANA**, he stated that he was lost and was trying to get to North Las Vegas. It appeared to Ranger Cummings that **SMIETANA** was having difficulty trying to find his driver's license and was fumbling with different items. At one point during the contact Ranger Cummings detected a strong odor of an alcoholic beverage on **SMIETANA**'s breath, however **SMIETANA** stated to Ranger West that he had not consumed any alcohol.

   (e) The following are the results of Field Sobriety Tests administered to **MAX SMIETANA**.

5

1. Horizontal Gaze Nystagmus test: **SMIETANA**'s eyes lacked smooth pursuit in his right eye, had distinct and sustained nystagmus at maximum deviation in both eyes, and showed onset of nystagmus prior to 45 degrees in both eyes.

2. Walk and Turn test: During the Instruction Stage **SMIETANA** was unable to maintain balance. During the Walking Stage he used his arms for balance, did not touch heel-to-toe, did not take the instructed number of steps, and did not turn as instructed.

3. One Leg Stand Test: **SMIETANA** swayed while balancing.

4. Preliminary breath test: **SMIETANA's** result of this test was .103 percent by weight of alcohol.

(f) Based on Ranger West's training and experience, **MAX SMIETANA's** physical and objective symptoms of intoxication, Ranger West formed the opinion that **SMIETANA** had been operating a motor vehicle while under the influence of alcohol and placed **SMIETANA** under arrest.

///
///
///
///
///
///
///
///
///

(g)    **MAX SMIETANA** was transported to the Boulder Beach Ranger Station where Ranger Cummings administered an "Intoxilyzer 8000" breath test to him. The results of the test were 0.098 grams and 0.089 grams of alcohol per 210 liters of breath respectively.

CHRIS RAYNOLDS, Park Ranger
National Park Service

SUBSCRIBED and SWORN to before me this 7th day of August, 2019.

HONORABLE NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

7